IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| COLETTE R. WHITBY, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3112 |
| | ) | |
| DR. JOHN WARNER HOSPITAL ("DJWH"), a municipal hospital; EARL N. SHEEHY, individually and as CEO of DJWH; JULIE NORTH, individually and as President of the Board of DJWH; CINDY SAYLORS, individually and as Director of DJWH; HERALD WEINBERG, individually and as Director of DJWH; RANDY WORKMAN, individually and as Director of DJWH; PATRICK E. PETERSON, individually and as Director of DJWH; DEB TILLEY, individually and as Director of DJWH; BETTY ANN NELSON, individually and as Director of DJWH; CITY OF CLINTON ("Clinton"), an Illinois Municipality; TOM EDMUNDS; individually, as Commissioner and Acting Mayor of Clinton; BRYAN HICKMAN, individually and as Commissioner of Clinton; JOHN WISE, individually and as Commissioner of Clinton; and JERRY MILTON, individually and as Commissioner of Clinton, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, United States District Judge.

This cause is before the Court on the Motion for a Temporary Restraining Order and Preliminary Injunction (d/e 2 and d/e 3) filed by Plaintiff Colette R. Whitby, M.D. Defendants have filed a response. For the reasons that follow, this Court finds that a hearing is not necessary and the Motion for Temporary Restraining Order and Preliminary Injunction is DENIED.

I. COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION

In her Complaint, Plaintiff alleges that in November 2009, she entered into a three-year written contract of employment (Agreement) with Dr. John Warner Hospital (Hospital), a municipal hospital organized and operating in Clinton, Illinois. The Agreement provided that the Hospital agreed to employ Plaintiff to render medical services to the Hospital's patients who were assigned to Plaintiff by the Hospital.

Plaintiff's employment commenced on February 1, 2010. In February 2011, Defendant Earl Sheehy, the chief executive officer of the Hospital and a member of the Hospital's Board of Directors, told the Plaintiff he was likely not going to include her services in the hospital

budget for fiscal year 2011-2012.  On March 1, 2011, Defendant Sheehy informed Plaintiff in writing that the existing contract did not allow Plaintiff's surgical practice to be sustainable and that unless she agreed to numerous changes in her agreement, no funds would be allocated in fiscal year 2012 for a surgical practice.  On April 20, 2011, Defendant Sheehy notified Plaintiff in writing that the City of Clinton had not approved her contract for the budget year and her last day of work would be April 29, 2011.

On April 27, 2011, Plaintiff filed suit pursuant to 42 U.S.C. §§ 1981, 1983, and 1985  alleging (1) she was denied due process (Count I); (2) the members of the Hospital Board conspired to deprive Plaintiff of her due process (Count II), and (3) the commissioners of the City Council conspired to deprive Plaintiff of her due-process rights (Count III).  She also brought two pendent state claims, one for breach of contract (Count IV) and one for retaliatory discharge (Count V).

On April 27, 2011, Plaintiff filed her Motion for a Temporary Restraining Order and Preliminary Injunction.  Plaintiff requests this

Court stay her termination of employment at the Hospital for the duration of this case or, in the alternative, stay her termination for 90 days with the provision that the Hospital assist Plaintiff in the global follow-up care for her patients and disseminating the appropriate notices to her patients before the cessation of her medical care services.

## II. ANALYSIS

Defendants first assert this Court should dismiss the case for lack of jurisdiction because the Agreement contains a forum selection clause providing that all claims arising from the Agreement are to be brought in DeWitt County, Illinois. However, a forum selection clause raises a question of venue, not subject-matter jurisdiction. <u>Mitchell Health Technologies, Inc. v. Naturewell, Inc.</u>, 2002 WL 32362650, at *2 (W.D. Wis. 2002), citing <u>Freitsch v. Refco, Inc.</u>, 56 F.3d 825, 830 (7th Cir. 1995).

A.  Standard of Review

A party seeking a preliminary injunction must initially demonstrate (1) some likelihood of succeeding on the merits; (2) no adequate remedy

at law exists; and (3) irreparable harm if preliminary relief is denied. Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of America, Inc., 549 F.3d 1079, 1086 (2008). If the moving party does not demonstrate any one of the three initial requirements, the request for a preliminary injunction must be denied. Id. If, however, the party has met the initial threshold, the Court then "weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." Id. In balancing the harm to each party, the Court should also consider the public interest. Judge v. Quinn, 612 F.3d 537, 546 (7th Cir. 2010).

B. Plaintiff Has Failed to Show Likelihood of Success on the Merits, No Adequate Remedy at Law, or Irreparable Harm

To establish a likelihood of success on the merits, Plaintiff must demonstrate that she has "some prospect of prevailing on the merits." Hoosier Energy Rural Elec. Co-Op., Inc. v. John Hancock Life Ins. Co., 582 F.3d 721, 730 (7th Cir. 2009). The Agreement, which is attached to Plaintiff's Affidavit, provides that Plaintiff's employment could be

terminated for a variety of reasons, including the following:

> In the event that no funds or insufficient funds are appropriated or budgeted by the City of Clinton in any fiscal period for payments due under this Agreement, the Employer will immediately notify Physician of such occurrence and this Agreement shall terminate on the last day of the fiscal period for which appropriations were received without penalty or expense to Employer of any kind whatsoever. Notwithstanding the foregoing, if this Agreement is terminated for cause pursuant to this Section[,] the provisions of Section 5.2(d) shall apply.

Plaintiff's pleadings show she was forewarned in February 2011 that her services were likely not going to be included in the hospital budget for fiscal year 2011-2012. In March 2011, she was notified in writing that unless she agreed to numerous changes in her Agreement, no funds would be allocated in fiscal year 2012 for a surgical practice. Finally, on April 20, 2011, she was told that the City Council did not appropriate funds for her salary on April 20, 2011. Plaintiff has not shown a likelihood of success on the merits of her claim that her termination violated due process.

Moreover, Plaintiff has failed to demonstrate she has no adequate

remedy at law or would suffer irreparable harm.  Plaintiff asserts she has no adequate remedy at law because money damages will not provide her relief for the injury to her practice, her reputation, or the relief to which she is entitled, which she identifies as "the continuum of her surgical practice while this case is heard on the merits."  Plaintiff has not shown she has no adequate remedy at law.

"The Supreme Court set a high standard for obtaining preliminary injunctions restraining termination of employment in Sampson v. Murray, 415 U.S. 61 (1974)."  Bedrossian v. Northwestern Memorial Hospital, 409 F.3d 840, 845 (2005). (finding district court did not abuse its discretion in finding the plaintiff failed to show irreparable harm where the plaintiff alleged lost income and damaged reputation); see also, e.g., Roudachevski v. All-American Care Centers, Inc., 2011 WL 1213087, at *6 (E.D. Ark. 2011) (even assuming the doctor's reputation would be harmed by the termination of his privileges at the facility, such injury could be remedied by a favorable judgment and money damages).

Moreover, Plaintiff has not shown irreparable harm.  Plaintiff

asserts irreparable harm will result because (1) she could potentially be subject to a charge under 225 ILCS 60/22(A)(16) for willfully abandoning her patients; and (2) a health-care practitioner leaving her practice must provide the public with 30 days notice (735 ILCS 5/8-2001(f)), and the failure to do so could subject her to a disciplinary charge under 225 ILCS 60/22(A)(37). See Ramirez v. Smart Corp., 371 Ill. App. 3d 797 (2007) (holding that the purpose of 735 ILCS 5/8-2001 is to allow patients access to their medical records in a timely manner).

While the Department of Professional Regulation may discipline a physician who willfully abandons her patients or fails to provide copies of medical records as required by law (see 225 ILCS 60/22(16), (37)) whether Plaintiff would be so disciplined is merely speculative. More than speculation of irreparable harm is necessary to afford a party preliminary injunctive relief. See Matta-Ballesteros ex rel. Stolar v. Henman, 697 F.Supp. 1036, 1038 (S.D. Ill. 1988); see also, e.g., Roudachevski v. 2011 WL 1213087, at *6 (finding the doctor failed to show a threat of irreparable harm; the court rejected testimony that

termination exposed the doctor to the possibility of disciplinary measures for abandoning his patients where the doctor acknowledged he had not been sued or had grievances filed against him).  Further, the Hospital remains operating and will presumably be available to provide the medical records to the patients and provide medical care.  Although Plaintiff, in her Affidavit, asserts she asked Defendants whether the Hospital would have a trained surgeon employed upon her departure to follow-up with her patients.  She alleges only that she received no assurances.  This is insufficient to show irreparable harm.

### III. CONCLUSION

For these reasons, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (d/e 2 and d/e 3 ) is DENIED.

Dated:    April 29, 2011               s/Sue E. Myerscough
                                       SUE E. MYERSCOUGH
                                       United States District Judge